Appeal No. 25-14176

# In the United States Court of Appeals for the Eleventh Circuit

VARONDRIA WILLIAMS, et al.,
Plaintiffs - Appellants

v.

FAY SERVICING, LLC, et al.,
Defendants - Appellees

Appeal from the United States District Court for the Southern District of Florida

Civil Action No. 9:24-CV-81354-JEM

**APPELLANTS' MOTION FOR JUDICIAL NOTICE OF FOOTNOTE 4 IN ECF 55 AND ITS SEVENTH AMENDMENT / DUE-PROCESS SIGNIFICANCE**

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Appellants, Varondria Williams and Michael Williams, certify that the following is a complete list of the trial judges, attorneys, persons, associations of persons, firms, partnerships, and corporations that have an interest in the outcome of this appeal, as required by Federal Rule of Appellate Procedure 26.1 and 11th Cir. R. 26.1-1, 26.1-2:

- Brotman, Steven J. – Counsel for Fay Servicing, LLC, Edward J. Fay, and U.S. Bank Trust National Association, as Trustee of Citigroup Mortgage Loan Trust 2023-A
- Fay, Edward J. – Defendant/Appellee
- Fay Servicing, LLC – Defendant/Appellee
- Martinez, Hon. Jose E. – United States District Judge, S.D. Fla.
- Mitrani, Jacob E. – Counsel for Wells Fargo Bank, N.A.
- Patrick, Tenielle J. – Counsel for Wells Fargo Bank, N.A.
- Reinhart, Hon. Bruce E. – United States Magistrate Judge, S.D. Fla.
- Rosenberg, Hon. Robin L. – United States District Judge, S.D. Fla. (original presiding judge)
- U.S. Bank Trust National Association, as Trustee of Citigroup Mortgage Loan Trust 2023-A – Defendant/Appellee

- Wells Fargo Bank, N.A. – Defendant/Appellee
- Williams, Michael – Plaintiff/Appellant (pro se)
- Williams, Varondria – Plaintiff/Appellant (pro se)

Appellants further state that they are natural persons with no parent corporations. To the best of Appellants' knowledge, other than the entities listed above and any parent or affiliated corporations that may be disclosed by the corporate parties in their own certificates, there are no other persons or entities that have an interest in the outcome of this appeal.

## MOTION TO TAKE JUDICIAL NOTICE

Appellants Varondria Williams and Michael Williams, pro se, move this Court under Federal Rule of Evidence 201 and Federal Rule of Appellate Procedure 27 for judicial notice of specific language in the district court's "Order Granting the Defendants' Motions to Dismiss and Dismissing Case" (ECF 55). Appellants further request that the Court consider the Seventh Amendment and basic due-process implications of that language in resolving this appeal.

### I. RELIEF REQUESTED

Appellants respectfully request that the Court:

1. Take judicial notice of the text of footnote 4 on page 3 of the district court's Order dated March 13, 2025 and entered on March 14, 2025 (ECF 55); and
2. Consider the Seventh Amendment and procedural-due-process implications of that language when reviewing the judgment and the district court's handling of Appellants' claims.

### II. FACTS SUBJECT TO JUDICIAL NOTICE

1. On March 13, 2025, the district court issued an 'Order Granting the Defendants' Motions to Dismiss and Dismissing Case' (ECF 55), which was entered on the docket on March 14, 2025, dismissing Appellants' Second Amended Complaint 'WITHOUT LEAVE TO AMEND'.
2. On page 3 of that Order, in footnote 4, the district court wrote: "The Motions

raise grounds for dismissal that the Court does not discuss in this Order. Nonetheless, the Court accepts those arguments as correct and it incorporates those grounds for dismissal into this Order and adopts them as independent grounds for dismissal." (ECF 55 at 3 n.4).

3. In the Report and Recommendation on Appellants' Rule 60(b) motion (ECF 68), the Magistrate Judge stated that Appellants "cite inapplicable cases that do not support relief from judgment." (ECF 68 at 3 ¶ 2).
4. In their objections, Appellants relied on binding Supreme Court and Eleventh Circuit Court of Appeals authority cited in their Motion to Vacate Judgment, which directly addressed the due-process issue and explained why they are entitled to relief under Rule 60(b)(4). (ECF 69 at 6).
5. The district court's order adopting the R&R (ECF 71) overruled Appellants' objections and adopted the R&R in full, without discussing nor analyzing Appellants' objections or cited authorities.
6. The due-process issue was raised twice, but neither the Magistrate Judge nor the district judge addressed Appellants' specific due-process challenge to footnote 4.

These facts are readily ascertainable from the district court's docket in this case and are not subject to reasonable dispute. They are adjudicative facts describing what the district court wrote and did in its final dismissal order, and the subsequent manner in which the Magistrate Judge's Report and Recommendation and the district court's

order adopting it failed to address Appellants' due-process objection to footnote 4.

## III. JUDICIAL NOTICE STANDARD

Federal Rule of Evidence 201(b)(2) authorizes judicial notice of an adjudicative fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Court records and filings are classic examples of such sources. Under Rule 201(c)(2), the Court must take judicial notice if a party requests it and "supplies the court with the necessary information," and Rule 201(d) confirms that judicial notice may be taken "at any stage of the proceeding," including on appeal.

Appellate courts routinely take judicial notice of the records of the lower court in the same case. Judicial notice here is limited and precise: Appellants ask the Court to notice what the district court wrote and did in footnote 4 of ECF 55, not to accept any legal conclusion about the constitutionality of that conduct. ECF 55 is already part of the record on appeal; this motion merely ensures that the specific language in footnote 4 is squarely before this Court as an adjudicative fact about the contents of the judgment under review.

## IV. PRESERVATION OF THE DUE PROCESS ISSUE

Appellants specifically challenged footnote 4 and its effect in their post-judgment filings. In their Rule 60(b) motion to vacate the judgment (ECF 56), Appellants argued that the district court's express adoption of undisclosed "independent"

dismissal grounds deprived them of notice of the actual reasons for dismissal and a meaningful opportunity to respond or amend. They cited *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010), *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc), and *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 n.32 (11th Cir. 1997), to show that resolving issues on undisclosed or one-sided grounds exceeds the court's authority and violates due process. (ECF 56 at 11).

In their objections to the Magistrate's Report and Recommendation (ECF 69), Appellants again identified footnote 4 as preserving "a constitutional due-process violation that renders the underlying judgment void," quoting the footnote and explaining that it confirms the court "adopted undisclosed, untested theories as independent bases for dismissal, without providing Plaintiffs any notice or opportunity to be heard." (ECF 69 at 5-7).

Appellants further objected that the R&R never analyzed the controlling authorities cited in their Rule 60 motion - *Espinosa*, *Campbell*, *Chudasama*, and the Rule 12(b)(6) line of cases - including *Iqbal*, *Twombly*, *Chaparro*, *Grossman*, and *Griffin Industries*. (ECF 69 at 6–7.) They argued that by endorsing the dismissal on unspecified, undisclosed grounds, the R&R allowed the judge to determine factual issues the jury was entitled to resolve, including whether the loan modification created a recalculated "original value" under 12 U.S.C. § 4902(d). (ECF 69 at 7-9).

Thus, the specific defect reflected in footnote 4 was clearly identified and preserved in the district court. This motion simply asks the Court to take judicial notice of the very language Appellants challenged. In spite of these objections, neither the Magistrate Judge's Report and Recommendation (ECF 68) nor the district court's order adopting the R&R and denying relief (ECF 71) addresses Appellants' specific due-process challenge to footnote 4 or explains what "independent grounds for dismissal" the court silently accepted.

## V. SEVENTH AMENDMENT AND DUE-PROCESS SIGNIFICANCE OF FOOTNOTE 4

Appellants' case invokes the Seventh Amendment right to have their legal claims tried by a jury. That jury-trial right is closely connected to procedural fairness at the pleading stage: a district court may terminate jury-eligible claims under Rule 12(b)(6) only on identified legal grounds, after accepting well-pleaded facts as true and applying the governing standards in a transparent way.

Footnote 4 states that "the Motions raise grounds for dismissal that the Court does not discuss in this Order," yet the court "accepts those arguments as correct" and "adopts them as independent grounds for dismissal." (ECF 55 at 3 n.4.) The order never identifies what those "independent" grounds are, nor does it explain how they apply to the detailed clusters of misconduct and independent claims that Appellants pleaded.

As Appellants argued in ECF 56 and ECF 69, this mode of decision-making

short-circuits the adversarial process and undermines the Seventh Amendment protections that attach before a jury can be displaced. When a district court silently adopts undisclosed "independent grounds" as bases for dismissal, parties are denied a meaningful opportunity to contest those grounds at the pleading stage and on appeal.

The concern is not merely that the district court erred in its Rule 12(b)(6) analysis; it is that the court expressly based the judgment on grounds that were (a) not articulated in the order, (b) not subjected to adversarial testing, and (c) insulated from meaningful review because neither the parties nor this Court can tell what those "independent" grounds actually were. The absence of any analysis of Appellants' due-process objection in ECF 68 or ECF 71 underscores why judicial notice of footnote 4's exact language is important: the defect appears only in the dismissal order itself, and the subsequent rulings neither clarify nor limit the "independent grounds" the court adopted.

Appellants will address in their appellate brief why a judgment entered on undisclosed, untested grounds is void under Rule 60(b)(4) and inconsistent with the Seventh Amendment; this motion is limited to ensuring that the underlying record fact - the text of footnote 4 - is explicitly noticed.

## CONCLUSION

For the foregoing reasons, Appellants respectfully request that the Court take judicial notice of the following:

1. Footnote 4 on page 3 of the district court's Order dated March 13, 2025; and
2. Consider the Seventh Amendment and due-process implications of that language in resolving the issues presented in this appeal.
3. The Magistrate Judge's Report and Recommendation stated Appellants 'cite inapplicable cases that do not support relief from judgment.
4. Appellants cited Supreme Court and Eleventh Circuit Court of Appeals authority supporting relief from judgment under Rule 60(b)(4).
5. Although the due-process issue was raised twice in the District Court, neither the magistrate Judge nor the district judge addressed Appellants' specific due-process arguments to footnote 4.

Appellants do not seek to introduce new evidence outside the district-court record. They ask only that the Court's review proceed on an accurate understanding of what the district court's dismissal order actually says and does.

## CERTIFICATE OF SERVICE

We certify that on November 28, 2025, a true and correct copy of the foregoing Motion for Judicial Notice was filed using the CM/ECF system, which will send notice to all counsel of record.

Dated: November 28, 2025


*/s/ Varondria Williams*
Varondria Williams
15096 63RD PL N.
Loxahatchee, FL 33470
Email: vt18472@gmail.com
Tel: (305) 962-8103

*/s/ Michael Williams*
Michael Williams
15096 63rd PL N.
Loxahatchee, FL 33470
Email: adobe8CS@gmail.com
Tel: (305) 962-0091

## CERTIFICATE OF COMPLIANCE

We certify that this motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f), this motion contains 1,388 words.

We further certify that this motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: November 28, 2025

*/s/ Varondria Williams*
Varondria Williams
15096 63RD PL N.
Loxahatchee, FL 33470
Email: vt18472@gmail.com
Tel: (305) 962-8103

*/s/ Michael Williams*
Michael Williams
15096 63rd PL N.
Loxahatchee, FL 33470
Email: adobe8CS@gmail.com
Tel: (305) 962-0091